MARY JO BURCHFIELD, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF JANE SMITH, DECEASED v. THOMAS F. CARROLL ET AL

73-100                                         499 S.W. 2d 620

Opinion delivered October 8, 1973

*Howell, Price, Howell & Barron,* by: *Richard J. Orin-tas,* for appellant.

*Wright, Lindsey & Jennings,* for appellees.

CONLEY BYRD, Justice. Appellant Mary Jo Burchfield individually and as administratrix of the estate of Jane Smith, deceased, brought this wrongful death action against appellees Thomas F. Carroll, Ronnie Colbert and Royal Crown Bottling Company, a/k/a Basil Snyder Bottling Company, Inc. After the witnesses on the liability issue had completed their testimony, the trial court directed a verdict in favor of the Royal Crown Bottling Company and its truck driver Ronnie Colbert. After a discussion with counsel a directed verdict was also entered as to appellee Carroll. For reversal appellant contends:

> "I. The trial court abused its discretion in directing a verdict for appellees and deprived the appellants of a determination of the facts by a jury when there was sufficient and substantial factual evidence submitted by appellants on which a jury could have found negligence and damages against appellees.
>
> II. The trial court abused its discretion in directing a verdict for appellees before the close of appellants case in chief."

Appellee Colbert being called as an adverse witness testified that upon entering the residential area of Gravel Ridge on Highway No. 107, he observed, about a quarter of a mile away, two elderly women proceed from their house toward the highway apparently for the purpose of crossing it. He began slowing down because he didn't know what they were going to do. About the time he brought his truck to a stop and turned on his flasher lights the two ladies started across the road. One of the ladies went on across but the other one, appellant's dece-

dent, turned and went back to the side of the road and then again started across. Appellee Carroll's automobile struck appellant's decedent before she got across the road. Although Colbert here testified that he was only stopped for a moment before the woman was struck, he admitted that when asked on a deposition if he was stopped for less than two minutes that he had stated that it was less than two minutes. Colbert admits that he had not seen Carroll in his rear view mirror prior to the time the woman was struck.

Carroll testified that he had been following behind the Royal Crown truck in a 1963 Comet for some time, and that, when the truck started slowing down on the straight stretch of the highway, he pulled out to pass it at the first opportunity. Admittedly, Carroll did not see the two women prior to the time he pulled out to pass. He says that when he pulled out to pass, the truck had not completely stopped. When he saw the first woman go across the road, he applied his brakes and then speeded up before he saw the other woman that he hit. He estimated his speed at the time of impact at less than 45 miles per hour. He also testified that he did not see the flasher lights on the truck.

Appellant's principal reliance for reversal is based upon the proposition that Colbert by stopping the truck under the circumstances was in violation of Ark. Stat. Ann. § 75-647 (Repl. 1957), providing as follows:

"(a) Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled part of the highway when it is practical to stop, park, or so leave such vehicle off such part of said highway, but in every event a clear and unobstructed width of at least 20 feet of such part of the highway opposite such standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle be available from a distance of 300 feet in each direction upon such highway.

(b) This section shall not apply to the driver of any vehicle which is disabled while on the paved or im-

proved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position."

We find no merit to appellant's contention. In the first place the evidence shows that the collision occurred in a residential district. In the next place the statute does not apply to stops arising out of the exigencies of traffic. See *American Bus Lines, Inc.* v. *Merritt*, 221 Ark. 596, 254 S.W. 2d 963 (1953).

After the trial court had directed the verdict for Colbert and the Royal Crown Bottling Company, Carroll's attorney then made a motion for a directed verdict. Counsel for appellant then made what we consider to be a practical decision and told the court: "Judge, if you are going to dismiss (the Bottling Company and its driver) you might as well grant (Carroll's) motion, too."[1] Upon this record we do not believe that appellant is entitled to a reversal as to Carroll unless we should also find that the trial court erred in granting a directed verdict as to the Bottling Company and its driver.

Appellant now contends that the trial court erred in granting the directed verdict before all of her proof was in. In the trial she conceded that she had called all of her witnesses on the liability issue and did not raise the objection now urged. Thus, not having raised the objection in the trial court it comes too late on appeal.

Affirmed.

---

[1] We take the statement to mean that a judgment against Carroll would have no value. By proceeding in this manner appellant saved the expense of proving her damages.